IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cr-30022 |
| ) | |
| MALCOLM J. NEAL, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Malcolm J. Neal's pro se (d/e 45) and amended motion for compassionate release (d/e 52) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On August 18, 2015, Defendant pled guilty to conspiring to distribute 100 grams or more of mixtures of substances containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 846 as charged in Count 1 of the Indictment and knowingly possessing firearms in a conspiracy to

distribute 100 grams or more of mixtures or substances containing a detectable amount of heroin in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(C)(i) as charged in Count 9 of the Indictment.  On December 18, 2015, the Court sentenced Defendant to 80 months' imprisonment on Count 1 and 60 months' imprisonment on Count 9, to run consecutively to Count 1, and 5 years of supervised release on Counts 1 and 9 to be served concurrently.  Counts 2 through 8 and 10 were dismissed at Defendant's sentencing.

Defendant is currently incarcerated at USP Atlanta and has a projected release date of January 28, 2025.  As of February 12, 2021, the Bureau of Prisons (BOP) reports that USP Atlanta currently has 18 inmates and 17 staff members with active cases of COVID-19.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed February 12, 2021).

On January 11, 2021, Defendant filed a pro se motion for compassionate release (d/e 45) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On February 2, 2021, following the appointment of defense counsel to represent Defendant, an amended motion for

compassionate release (d/e 52) was filed.  Defendant seeks compassionate release based on his health issues and the COVID-19 pandemic.  Defendant also seeks compassionate release because his children's caregiver, their mother, is facing a significant imprisonment sentence and the children may be without a caregiver, which would result in the children being placed in the care of the Department of Children and Family Services.

On February 5, 2021, the Government filed a response objecting to Defendant's motion for compassionate release.  See d/e 54.  The Government argues that Defendant is not entitled to compassionate release because Defendant's health and the COVID-19 pandemic do not rise to the level of extraordinary and compelling reasons and a reconsideration of the 18 U.S.C. §3553(a) factors do not warrant a reduction.

On February 11, 2021, following the decision of United States v. Williams, No. 20-2404, 2021 WL 486885 (7th Cir. Feb. 10, 2021), the Government filed a supplemental response arguing that Defendant had not exhausted his administrative remedies.  See d/e 58.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Seventh Circuit has held that exhaustion "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked." United States v. Sanford, No. 20-2445, 2021 WL 236622, at *3 (7th Cir. 2021).

In this case, Defendant filed a request with the warden of the Yazoo City facility for compassionate release on December 11, 2020. See d/e 50, p. 78. On December 12, 2020, Defendant was notified by the complex warden, Shannon Withers, that Defendant would receive a decision within 30 days of his request. See d/e 45, p. 5. As of this date, Defendant has not received a response. In Defendant's request to the warden, Defendant requested

"Compassionate Release/Home Confinement" because of the COVID-19 pandemic. See Request, d/e 50, p. 78. However, Defendant did not raise the argument that he should be released due to the caregiving circumstances of his children.

Originally, the Government conceded that Defendant had exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) for meeting the 30-day requirement. See d/e 54, p. 3. On February 11, 2021, the Government filed a supplemental response contesting the issue of exhaustion. See d/e 58. The Government contends the Court cannot consider Defendant's argument that he should be granted compassionate release to take care of his children because Defendant did not raise that issue in his request to the warden. The Government contends Defendant did not exhaust that argument due to the recent decision in United States v. Williams, No. 20-2404, 2021 WL 486885 (7th Cir. Feb. 10, 2021). See Williams, No. 20-2404, 2021 WL 486885, at *2 ("We have not yet had occasion to consider whether, in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court. But now that the issue is squarely before us,

we confirm that this is the rule—any contrary approach would undermine the purpose of exhaustion.").

The Court agrees. Because Defendant did not raise the issue of the children's caregiver in his request to the warden, that issue is not properly before the Court. See Williams, No. 20-2404, 2021 WL 486885, at *2 ("Thus, because Williams never asked the Bureau to move the district court for his release based on the presence of COVID-19 at his prison and his risk of infection, his counsel could not properly file a motion for compassionate release on that basis."). Therefore, the only proper argument before the Court is Defendant's contention that the COVID-19 pandemic is an extraordinary or compelling circumstance warranting compassionate release.

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good

we confirm that this is the rule—any contrary approach would undermine the purpose of exhaustion.").

The Court agrees. Because Defendant did not raise the issue of the children's caregiver in his request to the warden, that issue is not properly before the Court. See Williams, No. 20-2404, 2021 WL 486885, at *2 ("Thus, because Williams never asked the Bureau to move the district court for his release based on the presence of COVID-19 at his prison and his risk of infection, his counsel could not properly file a motion for compassionate release on that basis."). Therefore, the only proper argument before the Court is Defendant's contention that the COVID-19 pandemic is an extraordinary or compelling circumstance warranting compassionate release.

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good

hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

Defendant argues that the presence of the disease at his facility warrants immediate release.  While the Court recognizes that COVID-19 has infected his current facility, USP Atlanta, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment.   See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed February 12, 2021) (noting that 18 inmates and 17 staff members currently have COVID-19 at USP Atlanta).  Defendant also argues that if he contracts COVID-19, he will be at a higher risk of contracting more serious complications because he used to have asthma.  However, Defendant's medical records do not indicate that he has recently suffered from or been treated for asthma.  See d/e 50.  The Court also notes that Defendant has not submitted a suitable release plan.  See d/e 51, 55.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of

imprisonment.

## III. CONCLUSION

For those reasons, Defendant Malcolm J. Neal's pro se motion (d/e 45) and amended motion for compassionate release (d/e 52) are DENIED.

**ENTER: February 12, 2021**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**